IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2023 JAN 31 AM 11:02

**Civil Action No.**

APRIL ATWATER
and BECKY ATWATER WORTHINGTON,

2:23-cv-27

    Plaintiffs,

v.

ROBERT ATWATER,

    Defendant.

---

## COMPLAINT WITH REQUEST FOR TRIAL BY JURY

---

Plaintiffs, by and through their attorneys, DARBY KOLTER & ROBERTS, LLP, hereby complain against Defendant as follows:

### I. INTRODUCTION

1. For several years, while Plaintiff April Atwater (hereinafter "April") and Plaintiff Becky Atwater Worthington (hereinafter "Becky") were minors, Defendant, Robert Atwater, Plaintiffs' father, sexually abused them.

2. During these years of abuse, Defendant forced Plaintiff April to perform sexual intercourse with him, and he forced both April and Becky to perform other sexual acts with him, masturbated in front of Plaintiffs, and threatened them with further abuse if they disclosed to anyone what Defendant was doing to them.

### II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1), as the

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. This case is instituted in the United States District Court for the District of Vermont pursuant to 28 U.S.C. § 1391, as the judicial district in which the relevant events and omissions occurred.

### III. PARTIES

5. Defendant, Robert Atwater, resides in the Town of Peoria, in the State of Arizona.

6. Defendant is the father of April and Becky, Plaintiffs.

7. Plaintiff April Atwater is a resident of the State of Utah.

8. Plaintiff Becky Atwater Worthington is a resident of the State of Vermont.

### IV. STATEMENT OF FACTS CONCERNING APRIL ATWATER

9. April Atwater asserts this claim against Defendant pursuant to Vermont Law, and the Vermont Child Sexual Abuse Accountability Act, 12 V.S.A. § 522.

10. At all times relevant Defendant was April's father, and therefore occupied a position of trust for April.

11. Between 1987 and 1990, Defendant resided with his wife and eight children, including April and Becky in the State of Vermont.

12. From the mid-1980's through 1990, Defendant sexually abused April, when she was approximately 15 to 18 years old, while living in Vermont.

13. During that time, Defendant had vaginal sexual intercourse with April, forced her to perform oral sex upon him, masturbated in front of her, and threatened her if she reported his

improper sexual conduct.

14. During that time, Defendant's abuse of April occurred at least monthly.

15. Defendant's abuse of April occurred while she was a minor under Defendant's care.

16. As a result of Defendant's abuse, April has suffered significant injuries and damages, including, but not limited to, past and future medical expenses, past and future lost wages, lost earning capacity, pain, suffering, trauma, and a diminished quality of life.

## V. STATEMENT OF FACTS CONCERNING BECKY ATWATER WORTHINGTON

17. Plaintiff Becky Atwater Worthington asserts this claim against Defendant pursuant to Vermont Law, and the Vermont Child Sexual Abuse Accountability Act, 12 V.S.A. § 522.

18. At all times relevant, Defendant was Becky's father, and therefore occupied a position of trust for Becky.

19. Between 1987 and 1990, Defendant resided with his wife and eight children, including April and Becky in the State of Vermont.

20. From the mid-1980's through 1990, while living in Vermont, Defendant improperly touched Becky's breasts, when she was approximately 14 to 17 years old.

21. During that time, Defendant's abuse of Becky occurred at least monthly for at least two years.

22. Defendant's abuse of Becky occurred while she was a minor under Defendant's care.

23. As a result of Defendant's abuse, Becky has suffered significant injuries and damages, including, but not limited to, past and future medical expenses, past and future lost wages, lost earning capacity, pain, suffering, trauma, and a diminished quality of life.

## VI.   FIRST CLAIM FOR RELIEF BY APRIL ATWATER
### (Sexual Assault/Battery)

24. The preceding paragraphs are realleged as if fully set forth herein.

25. Defendant did, and intended to cause offensive and harmful physical contact by sexually abusing and assaulting April.

26. Defendant forcing April against her will, and while she was a minor, to have sexual intercourse with him, forcing her to perform other sexual acts, and masturbating in front of her, caused her great apprehension of immediate, harmful physical contact.

27. Defendant's conduct, specifically having sexual intercourse with April and forcing her to engage in other sexual acts, was offensive and harmful, and caused her great apprehension and fear.

28. As a direct and proximate cause of Defendant's abuse, April has suffered and continues to suffer severe economic and non-economic damages, physical and emotional pain, permanent emotional harm, diminished quality of life, past and future medical expenses, past and future wage loss, and a diminished earning capacity.

## VII.   SECOND CLAIM FOR RELIEF BY APRIL ATWATER
### (Extreme and Outrageous Conduct)

29. The preceding paragraphs are realleged as if fully set forth herein.

30. Defendant's sexual conduct with April is extreme and outrageous.

31. Defendant engaged in this conduct intentionally and recklessly.

32. Defendant knew or reasonably should have known that his conduct would cause severe emotional distress to April.

33. As a direct and proximate result of Defendant's conduct, April has suffered and

will continue to suffer economic and non-economic damages, as set forth herein.

## VIII. FIRST CLAIM FOR RELIEF OF BECKY ATWATER WORTHINGTON
### (Sexual Assault/Battery)

34. The preceding paragraphs are realleged as if fully set forth herein.

35. Defendant did and intended to cause offensive and harmful physical contact by sexually abusing and assaulting Becky.

36. Defendant forcing Becky against her will, and while she was a minor, to submit to Defendant, improperly touching her breasts, forcing her to perform other sexual acts with him, and masturbating in front of her, placed Becky in apprehension of immediate and harmful physical contact.

37. Defendant's conduct, specifically improperly touching her breasts, and forcing her to engage in other sexual acts, was offensive and harmful, and caused her great apprehension and fear.

38. As a direct and approximate cause of Defendant's abuse, Becky, has suffered and continues to suffer severe economic and non-economic damages, physical and emotional pain, permanent emotional harm, diminished quality of life, past and future medical expenses, past and future wage loss, and a diminished earning capacity.

## IX. SECOND CLAIM OF RELIEF OF BECKY ATWATER WORTHINGTON
### (Extreme Outrageous Conduct)

39. The preceding paragraphs are realleged as if fully set forth herein.

40. Defendant's sexual conduct with Becky is extreme and outrageous conduct.

41. Defendant engaged in this conduct intentionally and recklessly.

42. Defendant knew or reasonably should have known that his conduct would cause severe emotional distress to Becky.

43. As a direct and proximate result of Defendant's aforementioned conduct, Becky has suffered, and will continue to suffer, economic and non-economic damages, as set forth herein.

## X.   JURY DEMAND

44. Plaintiffs demand a trial by jury.

## XI.   PRAYER FOR RELIEF

45. Plaintiffs pray this Court to enter judgment for the Plaintiffs against Defendant, and order the following:

    a. All appropriate relief at law and equity;

    b. Damages for economic losses;

    c. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, pain and suffering, and such other damages as allowed by law, in an amount to be determined at trial;

    d. Punitive damages in an amount to be determined at trial;

    e. Attorney's fees and costs associated with this action, including expert witness fees;

    f. Pre- and post-judgment interest at the lawful rate; and

    g. Further relief that this Court deems just and proper.

DATED this 21ᵗʰ day of January, 2023.

                                                                   /s/ Mark Kolter

Mark Kolter
DARBY KOLTER & ROBERTS, LLP
89 South Main Street,
Waterbury, VT 05676
802-244-7352, ext. 102
Mark.kolter@waterburystowelaw.com
*Attorneys for Plaintiff*

7